IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-268

| | |
|---|---|
| REGROUP DEVELOPMENT, LLC, a Florida Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| RABUN COUNTY BANK, a Georgia Corporation, | ) ) ) |
| Defendant. | ) ) |

ORDER

**THIS MATTER** is before the Court *sua sponte* to ascertain subject matter jurisdiction. The plaintiff filed this action in the United States District Court based upon diversity jurisdiction. (#1) In the Complaint, plaintiff alleges that it is a Florida Corporation with its principal place of business in Pompano Beach, Florida.

Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), *certiorari denied* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A limited liability

company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Plaintiff has not disclosed in its Complaint whether it has constituent members or partners and therefore it will be required to do so.

**IT IS, THEREFORE, ORDERED** that on or before December 15, 2011, the plaintiff shall file a response disclosing the names and citizenships, if any, of all the constituent members or partners of the plaintiff, and, for any such constituent members or partners that are limited liability companies or partnerships to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

Signed: December 2, 2011

_____
Dennis L. Howell
United States Magistrate Judge